**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Southern Division**

| | | |
|---|---|---|
| **FRANCISCO MARQUEZ,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Case No.: CBD-15-2901** |
| | * | |
| **GREEN FOREVER LANDSCAPING** | * | |
| **AND DESIGN, INC. et al,** | * | |
| | * | |
| **Defendants.** | * | |
| | * | |
| | * | |
| | ***** | |

## MEMORANDUM OPINION

Before the Court is the parties' Joint Motion for Approval of Settlement and Dismissal with Prejudice (the "Motion") (ECF No. 48).  The Court has reviewed the Motion, the related memorandum, and applicable law.  No hearing is deemed necessary.  *See* Local Rule 105.6 (D. Md.).  For the reasons presented below, the Court DENIES the Motion without prejudice.

### I.     Factual Background

Plaintiff Francisco Marquez ("Plaintiff") worked as a seasonal landscaper for Green Forever Landscaping and Design, Inc. under the supervision of its president Nikita Floyd (collectively "Defendants") from March 2012 through November 2014.  Compl. 3.  On September 24, 2015, Plaintiff filed a complaint alleging that Defendants: (1) regularly delayed payment of and failed to pay overtime wages owed to Plaintiff, (2) failed to properly calculate and distribute overtime wages at one-and-one-half times the normal rate in accordance to the Fair Labor Standards Act ("FLSA"), and (3) failed to maintain accurate records of the days and hours Plaintiff worked.  *Id*. at 5–7.  Additionally, Plaintiff claims that Defendants' violations of the

1

FLSA, the Maryland Wage and Hour Law, and Maryland Wage Payment and Collection Law ("MWPCL") were done willfully and in bad faith. *Id*. at 7–9.  In response, Defendants asserted 11 affirmative defenses.  Answer 1–7.

On May 25, 2017, the parties filed the Motion seeking approval of their agreement to settle the case.  Under the agreement, Plaintiff agrees to settle, discharge, and terminate all claims in exchange for a payment of $40,000.00, representing $14,000.00 in damages to Plaintiff and $26,000.00 in attorney's fees and costs for Plaintiff's counsel.

## II.   Analysis

Under the FLSA, Congress sought to protect workers from the poor wages and long hours that can result from significant inequalities in bargaining power between employers and employees. *See Saman v. LBDP, Inc.*, No. DKC-12-1083, 2013 WL 2949047, at *2 (D. Md. June 13, 2013) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).  FLSA provisions are mandatory and generally are not subject to bargaining, waiver, or modification by contract or settlement.  *Id*.; *Brooklyn*, 324 U.S. at 706 (1945).  Court-approved settlement is an exception to that rule, "provided that the settlement reflects a 'reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'"  *Id*. (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).  The Fourth Circuit has not directly addressed the factors to be considered when deciding motions for approval of FLSA settlements.  *See id*. at *3 (citations omitted).  However, district courts in this circuit typically follow the Eleventh Circuit's analysis in *Lynn's Food Stores*.  *Id*.  The settlement must "reflect a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions."  *Id*. (citations omitted).  In this respect, the Court considers (1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the

settlement in light of the relevant factors from Rule 23, and (3) the reasonableness of the attorneys' fees, if included in the agreement.  *Riveros v. WWK Construction, Inc.*, No. PJM 15-193, 2015 WL 5897749, at *2 (D. Md. Oct. 5, 2015) (citations omitted).  The Court DENIES the Motion without prejudice because the parties: (1) failed to show the adequate experience of counsel, (2) failed to show the probability of Plaintiff's success on the merits, and (3) failed to provide support to show the reasonableness of the attorney's fees.

### A. *Bona Fide* Dispute

In deciding whether a *bona fide* dispute exists as to a defendant's liability under the FLSA, courts examine the pleadings in the case, along with the representations and recitals in the proposed settlement agreement.  *See Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08-1310, 2009 WL 3094955, at *16–17 (E.D. Va. Sept. 28, 2009).  After reviewing the pleadings, the Court finds that a *bona fide* dispute exists in this case.

Under the FLSA, "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one-and-one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(2)(C) (2010).  If an employer violates Section 207, he is liable for unpaid overtime, and an equal amount of liquidated damages. 29 U.S.C. § 216(b) (2008).  However under both the FLSA and Maryland state law, employers may avoid paying liquidated damages if they can prove that their failure to pay overtime was made in good faith.  *See id.*; Md. Code Ann., Lab. & Empl. § 3-427(d)(2) (2014).  Furthermore, employers are exempt from paying the one-and-one-half times the regular rate to agricultural workers who work more than 40 hours per week.  29 U.S.C. § 213(a)(6) (2014).

Here, Plaintiff asserts that he worked 63–64 hours per week, that Defendants regularly delayed payment of overtime and that Defendants did not pay him the full wages due to him. Compl. 5–6.  Plaintiff claims that when overtime was paid to him, it was calculated at his regular rate of pay instead of at one-and-one-half times that rate.  *Id*.  Plaintiff further claims that Defendants did not record all hours worked by Plaintiff, and that Defendants' conduct was willful and in bad faith.  *Id*. at 6–7.  In response, Defendants deny liability of some claims and state that they have insufficient information to admit or deny others.  Answer 3–6.  Defendants also raise multiple affirmative defenses, including that: (1) Plaintiff fails to state a claim upon which relief may be granted, (2) they are exempt from paying increased overtime wages under 29 U.S.C. 213(a)(6) because Plaintiff was an agricultural worker, and (3) any non-compliance to wage standards was based on a good faith interpretation of both Maryland wage law and the FLSA.  Answer 6.  Accordingly, a *bona fide* dispute exists as to Defendants' liability.

### B.  Fairness and Reasonableness of the Settlement Agreement

If a *bona fide* dispute exists, courts evaluate the fairness and reasonableness of the settlement using the following factors:

> "(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of [] counsel . . . ; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery."

*Saman*, 2013 WL 2949047, at *3 (quoting *Lomascolo*, 2009 WL 3094955, at *10).

After applying the *Saman* factors to the facts of this case, the Court concludes that counsel has not provided sufficient information as to the fourth and sixth factors.  Consequently the Court cannot find that the proposed settlement is a fair and reasonable compromise of the parties' *bona fide* dispute.

4

In regard to factor one of *Saman*, the parties have exchanged paper discovery, which is sufficient for the purpose of this settlement agreement.  The second factor of *Saman* is fulfilled after examining the extensive negotiations via pleadings, emails, and conferences, while taking into account that the parties are concerned with the financial implications of proceeding to trial. Third, there is no evidence that the agreement is the product of fraud or collusion.  "There is a presumption that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary."  *Lomascolo*, 2009 WL 3094955, at *12 (citation omitted).  As to the fifth factor, the opinions of the counsel and parties have been taken into consideration, evidenced by the Motion, which has been signed by each party respectively.  ECF No. 48-1, p. 6.

### i.    Experience of Counsel

While the Motion fulfills most of the *Saman* factors, it is inadequate with regard to the fourth factor, "experience of counsel who have represented the plaintiffs."  *Saman*, 2013 WL 2949047, at *3 (quoting *Lomascolo*, 2009 WL 3094955, at *10).  The Court does not doubt that the attorneys involved are experienced.  However, simply stating that "Plaintiff and Defendants were represented by experienced counsel" is insufficient.  ECF No. 48, p. 3.  For the Motion to be successful, the Court requires some factual background on the attorneys to lend credence to this required *Saman* factor, including years active and previous experience with similar cases.

### ii.    Reasonableness of the Settlement Amount

The Motion also fails to provide sufficient information for the Court to make a determination on the sixth factor, "the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery."  According to the Motion, Plaintiff is owed $7,800 exclusive of liquidated damages.  ECF No. 48, p. 3.  The Motion then states that Plaintiff will receive 179% of the wages owed to him.  ECF No. 48, p.3.  These

5

numbers may very well be a fair and reasonable representation of the money owed to Plaintiff, however the Court is unable to make that determination due to a lack of evidence provided. Although the parties provided exhibits that establish the amount of money Plaintiff is owed, these documents were sent as *ex parte* e-mails. The Court cannot rely on *ex parte* e-mails in assessing a settlement agreement because they are a form of private correspondence between the Court and the parties, and not a part of the public filling that is required by our court system. For the Motion to be successful the parties must properly file documents with the Court detailing: (1) overtime hours worked by Plaintiff, (2) overtime wages owed to Plaintiff, and (3) Plaintiff's potential recovery at trial, including liquidated damages. This supplemental information is necessary for the Court to assess whether $7,800 is an accurate amount of wages owed, and whether the $14,000 award to the Plaintiff is in fact fair and reasonable.

## C. Attorney's Fees and Costs

"Where a proposed settlement of FLSA claims includes a provision regarding attorneys' fees, the reasonableness of the award must also 'be independently assessed, regardless of whether there is any suggestion that a conflict of interest taints the amount the wronged employee recovers under a settlement agreement.'" *Saman*, 2013 WL 2949047, at *3 (quoting *Lane v. Ko-Me, LLC*, No. 10-2261, 2011 WL 3880427, at *3 (D. Md. Aug. 31, 2011)). The burden of establishing the reasonableness of a requested rate rests with the plaintiff. *Plyer v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990).

In awarding attorney's fees to Plaintiff, the Court applies the traditional lodestar methodology factors. *Saman*, 2013 WL 2949047, at *6 (citation omitted). The lodestar amount is the reasonable hourly rate multiplied by hours reasonably expended. *See Riveros*, 2015 WL 5897749, at *4. "An hourly rate is reasonable if it is 'in line with those prevailing in the

community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Id.* (citation omitted).  The federal court in Maryland uses Appendix B to the Local Rules as a reference to the rates "that are presumptively reasonable for lodestar calculations." *Id.* "Plaintiffs should also provide all documentation necessary for the Court to make a lodestar determination as to the hours reasonably expended, including but not limited to declarations establishing the hours expended by counsel, broken down for each task." *Id.*  Thus, "in addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award." *Plyer*, 902 F.2d at 277 (citations and internal quotations omitted).

In assessing reasonableness, the Fourth Circuit has instructed district courts to also consider certain factors, including:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Saman*, 2013 WL 2949047, at *6-7 (citing *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978).

The Court finds that Plaintiff's counsel has not carried its burden of proving that the attorney's fees requested are reasonable.  Under the parties' agreement, Plaintiff's counsel would receive approximately $26,000 of the $40,000 award.  ECF No. 48, p. 4.  Plaintiff's counsel has provided neither documentation nor explanation to support such an award. The Court requires detailed documentation of the counsel's billing, in the form of affidavits, invoices, tracking

sheets, etc.  Without such documentation, the Court is not able to make a lodestar determination and cannot find the attorney's fee award in the parties' agreement to be reasonable.

**III.   Conclusion**

For the foregoing reasons, the Court **DENIES** the Motion without prejudice.  Counsel is permitted to submit to the Court supplemental documentation within (14) days of this Order. Specifically, counsel is requested to submit documentation on: (1) Plaintiff's overtime worked and overtime wages owed, (2) the experience of counsel, and (3) the reasonableness of the attorneys' fees requested.

July 5, 2017                                                        _____/s/_____
                                                                              Charles B. Day
                                                                              United States Magistrate Judge

CBD/xl/tmh