IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| **FRANCISCO MARQUEZ,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No.: CBD-15-2901 |
| | * | |
| **GREEN FOREVER LANDSCAPING AND DESIGN, INC. et al,** | * | |
| | * | |
| | * | |
| Defendants. | * | |
| | * | |
| | * | |
| | ***** | |

## MEMORANDUM OPINION

The parties submit before this court their amended Joint Motion for Approval of Settlement and Dismissal with Prejudice (the "Motion") (ECF No. 51). The Court has reviewed the Motion, the related memorandum, and applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court GRANTS the Motion.

I.  **Factual Background**

The Court hereby adopts the factual and procedural background laid out in the Memorandum Opinion for this case dated July 5, 2017 (ECF No. 49) ("July 5 Opinion").

II.  **Analysis**

Courts evaluate the fairness and reasonableness of Fair Labor Standards Act ("FLSA") settlements using the following factors:

> "(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of []

1

>   counsel . . . ; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery."

*Saman v. LBDP, Inc.*, 2013 WL 2949047 (D. Md. June 13, 2013), at *3 (citation and quotations omitted).  The Court also separately evaluates the reasonableness of attorney's fees and costs.  *Id.* ("Where a proposed settlement of FLSA claims includes a provision regarding attorneys' fees, the reasonableness of the award must also be independently assessed, regardless of whether there is any suggestion that a conflict of interest taints the amount the wronged employee recovers under a settlement agreement." (Citations and quotations omitted.))

In the July 5 Opinion, the Court found that the parties' Joint Motion for Settlement Approval (ECF No. 48) (the "First Join Motion") involved a *bona fide* dispute and satisfied many of the factors used to evaluate the fairness and reasonableness of a settlement agreement.  However, the Court denied without prejudice the First Joint Motion for lacking sufficient documentation as to (1) the experience of counsel, (2) the amount of the settlement in relation to the potential recovery, and (3) the reasonableness of the attorney's fees requested.  ECF No. 49, p. 8.  Subsequently, the parties filed the Motion, attaching most of the documentation necessary to make the determinations as to the reasonableness and fairness of the settlement.

   A. **Experience of Counsel**

Plaintiff's counsel has included in the Motion an extensive list of his experience, which includes his role as lead counsel in about twenty FLSA cases.  ECF No. 51, p. 3.  He is also an active member of several bar associations and a presenter at continuing legal educations programs addressing wage and hour litigation.  *Id.* at 4.  Defendants' counsel is also experienced, with presumably over 20 years of legal experience.[1]  *Id.*  She has "extensive

---

[1] The Motion states when Defendants' counsel graduated law school, but not when she was barred.

experience litigating in federal and state courts." *Id.* Based on the information provided, the Court finds that the parties' counsel is sufficiently experienced so as the settlement agreement they have collaborated on is fair and appropriate.

### B. Plaintiff's potential recovery at trial

The parties have submitted Plaintiff's payroll summary that details the hours Plaintiff has worked for Defendant Green Forever Landscaping and Design, Inc., including overtime hours worked and overtime pay earned. ECF No. 51-2. From the period of September 28, 2012 until December 19, 2014, Plaintiff accrued overtime wages at the rate of one-and-a-half times his normal pay but Plaintiff contends he was only paid his regular, non-overtime salary for those hours. *Id.*; ECF No. 51, p. 6 n.1. The amount allegedly owed to him in overtime pay is $7,720.48. ECF No. 51-2; ECF No. 51, p. 6.

Assuming Plaintiff would prevail at trial, Plaintiff would also be entitled to the same amount in liquidated damages. 29 U.S.C. § 216(b) (employers who violate the FLSA are liable for unpaid wages and "an additional equal amount of liquidated damages"). Thus, at trial, Plaintiff had the potential to recover $15,440.96. Through the settlement, Plaintiff will receive $14,000 which includes: (1) all the wages owed to him, plus (2) 81.336% of liquidated damages. ECF No. 51, p. 6. By settling, Plaintiff misses out on $1,440.96 he could potentially recover at trial. However, this sum is minimal when weighed against the risks and costs of proceeding with a trial.

### C. Attorney's Fees and Costs

The parties initially failed to submit with the First Join Motion the requisite documentation for the Court to assess the reasonableness of the attorney's fees and costs. *See Riveros v. WWK Construction, Inc.*, 2015 WL 5897749 (2015), at *4 ("Plaintiffs should also

provide all documentation necessary for the Court to make a lodestar determination as to the hours reasonably expended, including but not limited to declarations establishing the hours expended by counsel, broken down for each task."). The parties partially remedied that deficiency with the Motion by providing a copy of the invoice detailing the billings in Plaintiff's case. ECF No. 52. Plaintiff's counsel failed to provide the Court with an affidavit detailing necessary information, *i.e.* years of active bar membership. However, the Court refers to an affidavit submitted by Plaintiff's lead counsel, Daniel Katz, in a similar recent case, *Coello v. Ginou, Inc.* (WGC-16-2255) ECF No. 17-5, filed December 5, 2016, and use the declarations made within to support the determinations made here. Mr. Katz has been barred in Maryland since 1995 and has been a partner at the law firm representing Plaintiff since 2006.

Plaintiff's counsel is receiving $26,000 from the total settlement amount of $40,000. Plaintiff's counsel has billed Plaintiff a total of $63,759.31, of which $688.81 accounts for court fees and costs. ECF No. 52, p. 53. The billed hours reflect time entries of five paralegals, each billing at $150/hour; attorney Lucy B. Bansal, admitted to the bar less than five years ago (ECF No. 51, p. 4), billing at $225/hour; and Mr. Katz, admitted to the bar over twenty years ago, billing at $475/hour. ECF No. 52; ECF No. 51, p. 4. Each individual billed at the maximum rate allowed under the Local Rules, Appendix B. The Court has weighed the various factors necessary to assess the reasonableness of the fees and finds that the fees are reasonable.[2] Specifically, time and labor were expended as the matter has dragged on for three

---

[2] In assessing reasonableness, the Fourth Circuit has instructed district courts to also consider certain factors, including:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the

4

years; the attorneys are skilled and experienced; while this was a straightforward case, the attorneys' skill in conducting discovery and subsequent settlement negotiations was important; and the fees awarded are similar to those in similar cases.  Since Plaintiff's counsel is receiving just over a third of the amount they have billed for, inclusive of court costs, the fees and costs awarded in the matter are appropriate.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** the Motion.

July 28, 2017                                                                                        /s/

                                                                        Charles B. Day
                                                                        United States Magistrate Judge

CBD/xl

---

litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Saman*, 2013 WL 2949047, at *6-7 (citing *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978).

5